# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 2:11-cr-163 |
| ) | 2:11-mj-232 |
| MARTIN JONASSEN, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on the: (1) Motion to Dismiss, filed by Defendant, Martin Jonassen, pro se, on October 25, 2011 (DE #14); and (2) "Dismiss Motion," filed by pro se Defendant, Martin Jonassen, on November 8, 2011 (DE #22) For the reasons set forth below, the Motion to Dismiss (DE #14) is **DENIED.** Additionally, although the second document is entitled "Dismiss Motion," it appears to be Jonassen's reply in support of his original motion, as it contains the same arguments and refers to a case cited by the Government in its response. As such, the Court has considered the arguments made in the "Dismiss Motion" (DE #22), but the motion itself is **DENIED AS MOOT**.

BACKGROUND

A federal criminal complaint was filed on September 23, 2011,

in the Northern District of Indiana, charging Defendant with the felony offenses of kidnapping (in violation of 18 U.S.C. § 1201(a)), and attempted obstruction of justice (in violation of 18 U.S.C. § 1512(b)(1)). On September 28, 2011, Magistrate Judge Paul R. Cherry ordered the Federal Community Defender's Office to act as stand-by counsel on behalf of Defendant, and attorney Martin filed his appearance on September 29, 2011. On October 19, 2011, Defendant was indicted on the same charges by a federal grand jury.

The instant Motion to Dismiss the indictment was filed on October 25, 2011.[1] It is hand-written, signed by Martin Jonassen, and does not appear to be a product of consultation with stand-by counsel. Because this motion was filed pro se, the Court will liberally construe the claims made by Defendant in the filings. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (holding pro se claimants to less stringent standards than attorneys).

The Motion to Dismiss argues for dismissal on jurisdictional grounds because Defendant is a "natural person." (DE #14.) Defendant filed a Statement with the Court stating he is "a man of the land born on the soil, *sui juris* of the Soverign [sic.] Country of Michigan." (DE #8.) Additionally, he argues that the testimony

---

[1] Defendant filed a motion to dismiss on October 11, 2011 (DE #9), but because Defendant was indicted on October 19, 2011 (DE #10), this Court denied his initial motion to dismiss as moot, granting Defendant leave to refile (DE #12). Defendant did refile (DE #14), and the Court now addresses the instant Motion to Dismiss.

of the alleged victim is "irrevocably tainted and such cannot be entered into evidence." (DE #14.) Jonassen filed another Statement with the Court, arguing the alleged victim's testimony is "tainted hearsay, conjecture/embellishment." (DE #13.)

DISCUSSION

Although Defendant does not specify, his motion to dismiss seems to fall under Federal Rule of Criminal Procedure 12(b)(3)(B), providing that "the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." Defendant's argument that he is a "natural person" is unavailing. As the Seventh Circuit has held, "[p]ersonal jurisdiction is supplied by the fact that [defendant] is within the territory of the United States." *United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005). Because Defendant was apprehended in the Northern District of Indiana, arrested, and indicted by a federal grand jury, this Court has jurisdiction.

Similarly, Defendant's claim that he is a person from "the Soverign [sic.] Country of Michigan," also fails. *See, e.g., United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (denying as patently frivolous the argument that defendant, who was a citizen of the "Indiana State Republic," was not subject to laws of the United States); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (holding defense of sovereign citizenship "has

3

no conceivable validity in American law"); *United States v. Johnson*, No. 09-CR-20049-DRH, 2009 WL 3672075, at *1 (C.D. Ill. Oct. 28, 2009) (finding "the Seventh Circuit has readily rejected such arguments alleging the sovereignty of citizens, finding such arguments to be frivolous"); *United States v. Phillips*, 326 Fed. Appx. 400 (7th Cir. 2009) (dismissing lack of personal jurisdiction claim as frivolous and finding that courts have jurisdiction over defendants charged with federal crimes). As such, Defendant's claim for lack of jurisdiction fails.

Finally, to the extent Defendant requests dismissal based upon his argument that the alleged victim's testimony is "tainted" and "false," this argument is also unavailing. The Affidavit supporting the Criminal Complaint in this case is very detailed, and contains not only statements from the alleged victim, but also statements from other witnesses, physical evidence (including injuries to the victim's body), and evidence from a surveillance camera - which seem to be consistent with the victim's statements. (*See* DE #1, Affidavit attached to Criminal Complaint.) Even assuming, *arguendo* (although there is no evidence of this at this stage in the proceedings), that some of the victim's testimony is not accurate, that still does not warrant dismissal of the charges. *See Montano v. City of Chicago*, 535 F.3d 558, 567 (7th Cir. 2008) (quotation omitted) (finding even where a witness' testimony is "a compound of truth and falsity, the prudent course is to permit the

4

jury to sort through it").

The Court notes that on November 8, 2011, Plaintiff filed a document entitled "Notice Copy," which purports to be a handwritten statement from the alleged victim (although it is unauthenticated), stating that she "retract[s] any speech, in regard to [this case] spoken prior to said date that could be construed as testimony" (DE #23,) and another Statement in which Defendant "retract[s] any oral/written statements made on October 25/26, 2011 under severe duress" (DE #24). Again, there is much more evidence in this case (as set forth in the Criminal Complaint) aside from the victim's statements and Defendant's statements, and this is not grounds for dismissal. As such, dismissal is not warranted on the basis of the alleged false testimony of the victim.

CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss (DE #14) is **DENIED** and the "Dismiss Motion" (DE #22) is **DENIED AS MOOT.**


**DATED: November 14, 2011**        /s/ RUDY LOZANO, Judge
                                    **United States District Court**

5