# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 2:11-cr-163 |
| | ) | |
| MARTIN JONASSEN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the: (1) Government's Motion For a Temporary Restraining Order and Protective Order, filed by the Government on November 22, 2011 (DE #37); (2) Motion to Remove Restrictions, filed by Defendant Jonassen on December 12, 2011 (DE #56); (3) Motion to Remove Restrictions, filed by Defendant Jonassen on December 12, 2011 (DE #58); (4) Motion to Suppress Recorded Phone Calls and Communications, filed by Defendant Jonassen on December 12, 2011 (DE #52); and (5) Motion to Suppress Recorded Phone Calls and Communications of Accused, filed by Defendant Jonassen on December 12, 2011 (DE #68). As explained in more detail below, the Court **GRANTS** the Government's Motion for a Protective Order. The Court **HEREBY ORDERS** as follows: Effective at 2:30 p.m. on December 13, 2011, Defendant is **PROHIBITED** from having any contact with Jane Doe or anyone who is in contact with

Jane Doe, including but not limited to members of Jane Doe's immediate family. The Government is hereby authorized to contact the facility housing Defendant and take action to prevent him from sending any mail or making any telephone calls to Jane Doe or to anyone who is in contact with Jane Doe, including but not limited to members of her immediate family. Should Defendant wish to subpoena any witnesses in this matter, he is directed to do so through his Stand-by Counsel, Assistant Federal Defender John E. Martin. This Order shall remain in full force and effect until Defendant is found innocent following a jury trial, or after the completion of Defendant's sentencing in this matter, whichever comes first.[1] The Court **FINDS** that it is **NOT NECESSARY** to hold an additional hearing for which Defendant could subpoena family members to testify. Additionally, because the Court finds that a restraining order is warranted, the Motions to Remove Restrictions (DE ##56 and 58) are **DENIED**. Finally, the Motions to Suppress the Recorded Phone Calls and Communications of the Accused (DE ##52 and 68) are **DENIED** because Defendant has failed to state a proper legal basis for suppression.

BACKGROUND

The Government has sought a protective order pursuant to 18

---

[1] The Court is aware that 18 U.S.C. § 1514(b)(4) provides that a protective order may not last for a period in excess of three years from the date of the order's issuance.

U.S.C. § 1514 to prohibit Defendant from having contact with Jane Doe or anyone who is in contact with her, including, but not limited to members of her immediate family. (*See* DE #370.) Jane Doe is the victim of Defendants' kidnapping offense under 18 U.S.C. § 1201(a), and his attempted obstruction of justice offenses under 18 U.S.C. § 1512. On November 23, 2011, this Court entered a temporary restraining order in this matter (DE #41) and a hearing was held on November 30, 2011. At the hearing, the Government put on one witness, Detective Sergeant Janis Regnier of the Portage Police Department. Then, Defendant asked the Court to allow him to subpoena Jane Doe and five members of her (and his) immediate family to testify at a subsequent hearing. Defendant claimed they would all testify that they did not want a restraining order. The Government has objected to Defendants' request for a second hearing (DE #45).

DISCUSSION

18 U.S.C. § 1514(b)(1) provides:

> A United States district court, upon motion of the attorney for the Government, *shall* issue a protective order prohibiting harassment of a victim or witness in a Federal criminal case if the court, after a hearing, finds by a preponderance of the evidence that harassment of an identified victim or witness in a Federal criminal case exists or that such order is necessary to prevent and restrain an offense under section 1512 of this title, other than an offense consisting of misleading conduct, or under section 1513 of this title.

3

18 U.S.C. § 1514(b)(1) (emphasis added). Here, the Court finds a protective order should be issued both because: (1) the Court finds by a preponderance of the evidence that harassment of Jane Doe exists; and that (2) a protective order is necessary to prevent and restrain an offense under 18 U.S.C. § 1512.

First, the Court finds by a preponderance of evidence that harassment of Jane Doe exists. Following Defendant's arrest, Jane Doe made a digitally recorded statement that Defendant kidnapped her from Missouri, and transported her to Portage, Indiana, against her will. (Compl. Aff.) Jane Doe tried to escape from Defendant by running naked from the bathroom of their motel room into a nearby liquor store where she begged for help, and then was physically dragged out of the store by Defendant. (Compl. Aff. ¶ 8.) Numerous people witnessed Jane Doe running naked down US 20 and into the liquor store. *Id.*

Following his arrest, Defendant was ordered by Porter County Superior Court Judge Mary Harper to have no contact, "in person, by telephone or letter, through an intermediary, or in any other way directly or indirectly" with Jane Doe. (DE #37, Ex. 1.) However, as was entered into evidence during the hearing on November 30, 2011, through the testimony of Detective Regnier of the Portage Police Department, Defendant made multiple telephone calls to Jane Doe and to her family members asking that Jane Doe write and sign a retraction of her statement. (Exs. 1 and 2, November 30, 2011

4

Hearing.) Defendant offered Jane Doe money and property in exchange for her retracting prior statements, and offered Jane Doe's brothers $14,000 each if they could persuade Jane Doe to retract her testimony. *Id.*[2] Additional conversations are set forth in the Government's Motion for a Temporary Restraining Order and Protective Order, again between Defendant and Jane Doe or Defendant and her family members, trying to get her to retract her statement. (DE #37, pp. 10-13.) Additionally, the Government summarized approximately 89 letters that Defendant wrote to Jane Doe urging her to retract her prior statements to law enforcement (DE #69), and provided the Court with copies of same (Ex. 1 to DE #69; DE ##70, 72).

At the hearing, the Government admitted into evidence 2 letters purporting to be from Jane Doe.[3] The first letter was received by an investigator after the investigator requested that Jane Doe provide a written statement and mail it to her. (*See* Ex. 3 from November 30, 2011 Hearing.) The letter is dated October 14, 2011, and states: "I, [Jane Doe], affirm that on Sept. 10, 2011, approx. 1 p.m. at [her home address], Martin Joseph Jonassen

---

[2] The Government has since charged Defendant with obstruction of justice in violation of 18 U.S.C. § 1512 three times - first by criminal complaint (*see* DE #1, filed September 23, 2011), then by Indictment (*see* DE #10, filed October 19, 2011), and lastly by Superseding Indictment (*see* DE #26, filed November 17, 2011).

[3] However, at this stage in the proceedings, neither letter has been authenticated yet, and it has not been proven whether or not they were truly written by Jane Doe.

wrestled me, bound me, placed me in his car, then proceeded to transport me. On Sep. 12, at Portage, Indiana, I ran away, then Martin caught me and put me into his car." *Id.*

The second letter, dated 10 days later, was intercepted by law enforcement after it was sent to Defendant in jail. (*See* Ex. 4 from November 30, 2011 Hearing.) It states, "I, [Jane Doe], on this twenty-fourth day of October, two-thousand and eleven, retract any speech, in regard to case no. 2:11 MJ 232, spoken prior to said date that could be construed as testimony." *Id.* As testified to by Detective Regnier at the hearing, the language in the letter is similar to the language dictated over the phone by Defendant to Jane Doe and others whom he offered inducements to obtain a retraction from Jane Doe.

Having taken into consideration the multiple recorded telephone conversations in which Defendant is either directly talking to Jane Doe, or her family members, and requesting Jane Doe to retract her statement, as well as the written letters, the Court is convinced by a preponderance of the evidence that harassment of the identified victim, Jane Doe, does exist. *See* 18 U.S.C. § 1514(b)(1). A restraining order is appropriate on this basis alone. But as a separate basis to support its ruling, the Court also finds that a protective order is necessary to prevent and restrain an offense under 18 U.S.C. § 1512. *See* 18 U.S.C. § 1514(b)(1).

Although the Defendant has a right under that statute to "present evidence and cross-examine witnesses," Defendant did cross-examine Detective Regnier during the hearing. Although he also requested to have the opportunity to call to the stand Jane Doe and other family members, he has given the Court no authority or argument as to why he is entitled to call the alleged victim herself, or even reasons as to how their testimony could show that a protective order is not necessary. The Court concurs with the Government that the testimony Defendant wishes to elicit from these witnesses is irrelevant, as it does not relate to an element of proof necessary for this Court to decide whether a restraining order is appropriate. Even assuming, *arguendo*, that Jane Doe and the 5 other family members would testify that they did not want a restraining order between them and Defendant, as described in detail above, a protective order is still necessary to stop the very real and documented harassment that has been occurring. As such, Defendant's request for a second hearing at which he could call Jane Doe and other family members to testify is denied.

CONCLUSION

For the above referenced reasons, the Court **GRANTS** the Government's motion for a Protective Order. The Court **HEREBY ORDERS** as follows: Effective at 2:30 p.m. on December 13, 2011, Defendant is **PROHIBITED** from having any contact with Jane Doe or

anyone who is in contact with Jane Doe, including but not limited to members of Jane Doe's immediate family. The Government is hereby authorized to contact the facility housing Defendant and take action to prevent him from sending any mail or making any telephone calls to Jane Doe or to anyone who is in contact with Jane Doe, including but not limited to members of her immediate family. Should Defendant wish to subpoena any witnesses in this matter, he is directed to do so through his Stand-by Counsel, Assistant Federal Defender John E. Martin. This Order shall remain in full force and effect until Defendant is found innocent following a jury trial, or after the completion of Defendant's sentencing in this matter, whichever comes first. Finally, the Court **FINDS** that it is **NOT NECESSARY** to hold an additional hearing for which Defendant could subpoena family members to testify. Additionally, because the Court finds that a restraining order is warranted, the Motions to Remove Restrictions (DE ##56 and 58) are **DENIED**. Finally, the Motions to Suppress the Recorded Phone Calls and Communications of the Accused (DE ##52 and 68) are **DENIED** because Defendant has failed to state a proper legal basis for suppression.

**DATED: December 13, 2011**         **/s/ RUDY LOZANO, Judge**
                                     **United States District Court**