**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  NO. 2:11-cr-163 |
| | ) |
| MARTIN JONASSEN, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the: (1) "Release Motion," filed by pro se Defendant, Martin Jonassen, on November 18, 2011 (DE #33); and (2) "Motion for Release," filed by Defendant, Martin Jonassen, on December 12, 2011 (DE #63). For the reasons stated below, the motions are **DENIED**.

Both motions are word for word identical: "Whereas there is no corpus delecti injured party moveant, and all judgments rendered null and void we hereby move the Court Martin Jonassen immediately be released from custody/detention." (DE ##33, 63.) "Proof that the criminal act took place" is sometimes referred to as the "corpus delecti." *See United States v. Calhoun*, 999 F.2d 540, 1993 WL 280324, at *3 (6th Cir. 1993). Here, it seems that Defendant is arguing that because he and Jane Doe both purportedly retracted any statements or prior testimony, there is no evidence of the crime,

and he should be released.  (*See* DE ##23, 24.)  However, this Court previously analyzed and rejected this argument in its opinion and order denying Defendant's motion to dismiss.  (*See* DE #25, p. 5.) There is much more evidence in this case (as set forth in the Criminal Complaint) aside from the victim's statements and Defendant's statements, and this is not grounds for dismissal of the charges or release from prison.  As such, the motions are **DENIED**.

**DATED: December 20, 2011**                 **/s/ RUDY LOZANO, Judge**
                                                   **United States District Court**